UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BARRY DWAYNE MINNFEE, §
§
      Petitioner, §
VS. § CIVIL ACTION NO. 2:14-CV-400
§
WILLIAM STEPHENS, §
§
      Respondent. §

## OPINION AND ORDER OF DISMISSAL

Pending is Plaintiff Barry Dwayne Minnfee's motion to proceed *in forma pauperis* (i.f.p.) in this § 1983 proceeding.  (*See* D.E. 4, 5).  For the reasons stated herein, Minffee's motion to proceed i.f.p. (D.E. 4) is denied, and this case is dismissed without prejudice.

**I.  Jurisdiction.**

The Court has federal question jurisdiction over this action.  *See*  28 U.S.C. § 1331.

**II.  Procedural background and Plaintiff's allegations.**

Minnfee is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Divisions (TDCJ-CID), and is currently confined at the McConnell Unit in Beeville, Texas.  He is currently serving a life sentence for robbery with bodily injury, enhanced, entered in Case No. 49,678-D, out of Potter County, Texas.[1]  Minnfee has three additional prior convictions out of Potter County.  *Id.*

---

[1] *See* http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=03728947 for a list of Minnfee's past convictions, all four of which occurred in Potter County, Texas.

In the instant action, on September 25, 2014, Minnfee filed, on a preprinted form intended for filing § 2254 petitions, a complaint attempting, *inter alia*, to challenge a prior state court civil action styled *Minnfee v. TDCJ,* Cause No. B-12-1540-CV-B, in the 156th Judicial District Court, Bee County, Texas, as well as reargue the same claims raised in that state court action involving the TDCJ's alleged breach of privacy laws. (D.E. 1). The instant lawsuit does not challenge the fact or duration of a current sentence, but instead, is an attempt to either collaterally attack the Bee County decision or to raise new claims about TDCJ privacy practices, and is therefore, not a habeas corpus action, despite the form used by Plaintiff. *See Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979) (holding that an action is governed by the essence of the pleading and not the label placed on the action by the prisoner). This conclusion is reinforced by Minnfee's request for injunctive relief that the wiretapping stop. (D.E. 2).

Minnfee seeks leave to proceed *in forma pauperis* (i.f.p.) (D.E. 4), and has submitted a copy of his inmate trust fund statement. (D.E. 5). In his i.f.p. application, Minnfee states that he has no sources of income from family or friends or any other sources. *Id.* According to Minnfee's trust fund statement, he has a current balance of zero. (D.E. 5).

## III. The three-strikes rule.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act (PLRA), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon

which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*.  28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee.  *Id.*

## IV.   Minnfee's litigation history.

Minnfee has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.[1]  In the Northern District of Texas, Amarillo Division, Minnfee acquired his first two strikes:  *Minnfee v. Swart, et al.,* Case No. 2:96-cv-274 (N.D. Tex. May 26, 1999) (dismissed for failure to state a claim) (first strike); and *Minnfee v. Slaughter,* Case No. 2:02-cv-242 (N.D. Tex. Sep. 9, 2002) (dismissed as frivolous) (second strike).[2]  In 2003, Minnfee received his third strike when a court in the San Antonio Division of the Western District of Texas dismissed his action as frivolous.  *See Minnfee v. Coutee, et al.,* Case No. 5:03-cv-35 (W.D. Tex. Apr. 28, 2003) (dismissed as frivolous ) (third strike).  Later that year, in *Minnfee v. Simpson,* Case No. 2:03-cv-250 (N.D. Tex. Dec. 9, 2003), the Amarillo district court imposed a $200.00 sanction and noted that Minnfee was barred from any new filings until he had satisfied the monetary sanction and secured permission to file.

---

[1] *See* http://156.124.4.123/ThreeStrikes/m3.htm, for a partial list of Minnfee's actions that have been dismissed as frivolous and/or for failure to state a claim, or as barred by §1915(g), or for failure to pay sanctions.  On PACER.gov, Minnfee is listed as a party in 129 civil actions.

[2] Minnfee's last name has been spelled "Minnafee" and "Minnifee" in other court proceedings.

Shortly thereafter, Minnfee was denied leave to file and/or had three actions dismissed in succession in the Southern District of Texas, Houston Division, based on his three-strikes status and his failure to demonstrate imminent danger of physical harm:  *See Minnfee v. Blackburn,* Case No. 4:03-cv-4676 (S.D. Tex. Feb. 4, 2004); *Minnfee v. Cockrell,* Case No. 4:03-cv-3354 (S.D. Tex. Feb. 4, 2004); and *Minnfee v. Janicek, et al.,* Case No. 4:04-cv-2499 (S.D. Tex. July 12, 2004).  Later that year, in a habeas corpus action, *Minnfee v. Dretke,* Case No. 2:02-cv-310 (N.D. Tex. Sep. 15, 2004), the Amarillo district court imposed a $25.00 sanction against Minnfee and specifically barred him from filing any future motions in that proceeding.  *Id.* at D.E. 112.  Indeed, the Clerk of the Court was ordered to return unfiled any subsequent pleading submitted by Minnfee unless instructed otherwise by a reviewing judge.[3]  *Id.*

Minnfee continued to have difficulty in the Northern District of Texas.  *See Minnfee v. Dretke,* Case No. 2:04-cv-147 (N.D. Tex. Mar. 7, 2005) (sanctioned $50.00 and barred until all pending sanctions paid); *Minnfee v. Emerson, et al.,* Case No. 5:05-cv-067 (N.D. Tex. Mar. 25, 2005) (sanctioned $100 and Clerk of Court ordered to return all pleadings except notice of appeal until sanctions paid); *Minnfee v. Letson, et al.,* Case No. 4:04-cv-348 (N.D. Tex. May 16, 2005) (dismissed based on three-strikes bar).

On June 6, 2007, the Fifth Circuit issued a sanction and preclusion order against Minnfee in *Minnfee v. Quarterman*, No. 07-50446 (5th Cir. 2007), and imposed a $100 sanction.  The Fifth Circuit specifically noted:

---

[3] The docket reflects that on September 20, 2011, Minnfee paid the $25.00 sanction.

> The Clerks of all Federal Courts in this Circuit are directed to refuse to accept further pleadings of any kind from Minnfee, including notices of appeal, in previously filed suits or any new suit, unless he provides proof that he has paid the sanction. Even if Minnfee provides proof that he has paid the sanction in full, he is warned that further frivolous filings will invite the imposition of additional sanctions which will include restrictions to his access to the courts of this Circuit.

*Id.*

On or about July 5, 2011, Minnfee paid the $100 sanction to the Fifth Circuit, thus satisfying the sanction order and rendering him no longer precluded from filing pleadings with this Court. *See In re Minnfee,* Case No. 4:11-mc-436 (D.E. 2). However, the payment of the sanction did not remove Minnfee from the three strikes list. In the Corpus Christi Division of the Southern District of Texas, Minnfee has had at least seven lawsuits dismissed in three years: *See* (1) *Minnfee v. Haman,* Case No. 2:11-cv-168 (S.D. Tex. Jun. 1, 2011) (mixed habeas/§ 1983 petition identical to one dismissed by Houston court and no imminent danger); (2) *Minnfee v. Thaler. et al.* Case No. 2:12-cv-100 (S.D. Tex. Apr. 10, 2012) (mixed habeas/§ 1983 petition fails to establish imminent danger and Minnfee is barred based on three-strikes status); (3) *Minnfee v. Thaler,* Case No. 2:12-cv-370 (S.D. Tex. Dec. 7, 2012) (no imminent danger to support consideration of claims); (4) *Minnfee v. Gonzalez, et al.,* Case No. 2:13-cv-159 (S.D. Tex. Aug. 9, 2013) (dismissing § 1983 action based on three-strikes and no imminent danger found); (5) *Minnfee v. Thompson*, Case No. 2:14-cv-147 (S.D. Tex. May 12, 2014) (same); (6) *Minnfee v. Magidson, et al.,* Case No. 2:14-cv-264 (S.D. Tex. Jun. 30, 2014) (dismissing § 1983 action based on three-strikes and no imminent danger found); and (7) *Minnfee v.*

*Clark, et al.,* Case No. 2:14-cv-287 (S.D. Tex. Aug. 9, 2013) (denying application to proceed i.f.p. as no imminent danger and dismissing action without prejudice, subject to Minnfee seeking reinstatement if $400 filing fee paid simultaneously).

That is, despite Minnfee's payment of the $100.00 sanction ordered by the Fifth Circuit, he remains a three-strikes litigant and is barred from proceeding i.f.p. in a prisoner civil rights action unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## V.     Analysis.

In the instant lawsuit, Minnfee complains that on April 11, 2013, officials with the Texas Attorney General's Office unlawfully intercepted, used or disclosed privileged information about him and that this information was then used to wrongfully deny him parole.  (D.E. 1, p. 11).  Minnfee claims that he filed grievances about the intercepted material, but that the FBI, Texas Rangers, and Amarillo police department concluded that the TDCJ did not release sensitive security information about offenders to third parties. *Id.*  Minnfee argues that TDCJ employees do not have a clear understanding of TDCJ privacy rules and regulations and fail to follow the procedures in place to protect offenders.  *Id.* at 13.  He alleges that he has been unlawfully videotaped and recorded in violation of federal wiretapping laws.  *Id.*

Considering Minnfee's allegations in the light most favorable to him, and in light of his litigation history, his claims fail to state that he is in imminent danger of serious physical harm.  The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate*." Ciarpaglini v. Saini,*

352 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing."  *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).  In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001).

Here, there is no indication that Minnfee is in any type of danger to excuse him from the § 1915(g) three-strikes bar.  Although he complains that information gathered via electronic surveillance and wiretapping was used to deny him parole, he fails to allege that he is in imminent danger of serious physical harm.  There is no applicable exception to the § 1915(g) three-strikes bar.

## VI.   Conclusion.

Minnfee has lost the privilege of proceeding *in forma pauperis* and he has failed to demonstrate that he is in imminent danger of physical harm.  Accordingly, Plaintiff's motion to proceed i.f.p. (D.E. 4) is DENIED, and this lawsuit is dismissed without prejudice.  Plaintiff's motion for injunctive relief (D.E. 2) is also DENIED.  Minnfee may move to reinstate this action within thirty (30) days of the date of entry of this Order, but only if the appropriate filing fee is paid simultaneously with the motion to reinstate.

ORDERED this 17th day of October, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE